```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| TIMOTHY SMITH, | : | HON. NOEL L. HILLMAN |
| Petitioner, | : | Civil No. 14-1778 (NLH) |
| v. | : |  |
| JORDAN HOLLINGSWORTH, | : | OPINION |
| Respondent. | : |  |

APPEARANCES:

    TIMOTHY SMITH, #17414-054
    FCI Butner Low
    P.O. Box 999
    Butner, NC 27509
        *Petitioner Pro Se*

    JOHN ANDREW RUYMANN, Assistant U.S. Attorney
    PAUL J. FISHMAN, United States Attorney
    402 E. State Street
    Trenton, NJ 08608
        *Attorneys for Respondent*

HILLMAN, District Judge

    While he was confined at FCI Fort Dix in New Jersey, Timothy Smith filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") calculation of his good conduct credit and his release date. Respondent filed an Answer, together with two declarations and relevant documents. For the reasons expressed below, this Court will dismiss the Petition for failure to exhaust administrative remedies.

I. BACKGROUND

Petitioner challenges the BOP's calculation of his good conduct time and claims that the BOP violated federal law by failing to award him 3,060 days of sentence-reducing good conduct time and Unicor credit, which accumulated over the past 17 years.  Specifically, "[a]ccording to Smith[']s calculations in the Cop out, he is owed 3060 days of Good Conduct Time Credit, and Unicor Credit for being a worker.  This will give Smith 255 months, and call for his immediate release." (Petition, ECF No. 4 at 4.)  Respondent argues that this Court should dismiss the Petition for failure to exhaust administrative remedies and on the merits because the BOP gave him all the sentence-reducing credits to which he is entitled.

II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties

2

of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges his release date on federal grounds and he was incarcerated in New Jersey at the time he filed the Petition.  See Blood v. Bledsoe, 648 F.3d 203 (3d Cir. 2011); Vega v. United States, 493 F.3d 310, 313 (3d Cir. 2007); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241  (3d Cir. 2005); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991).

B.   Administrative Exhaustion

Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  Administrative exhaustion promotes the following goals: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing

agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. See 28 C.F.R. § 542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative appeal. Id. The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days. See

4

28 C.F.R. § 542.18. The regulation provides that, if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level. Id.

In this case, the BOP filed the declaration of Kimberly Sutton, a paralegal specialist with the BOP's Northeast Regional Office. Ms. Sutton avers that Smith did not seek any administrative relief with respect to the calculation of his release date or the BOP's calculation of his sentence-reducing credits. Although Petitioner did not file a Reply to the Answer, he asserts in the Petition that "there is no need for Smith to exhaust his inhouse BP-8, 9, 10, 11 administrative remedi[e]s, whereas if he's given his time owed, he'd be up for immediate release."[1] (ECF No. 4 at 4.)

"Exhaustion is not required if administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." Lyons, 840 F.2d at 205; see also Gambino, 134 F.3d at 171. Petitioner has not shown in this

---

[1] The Inmate Locator of the BOP indicates that Smith will be released on January 14, 2018. See Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (Aug. 10, 2016).

case, however, that exhaustion would be futile, that the purposes of exhaustion would not be served, that the BOP clearly and unambiguously violated his statutory or constitutional rights, or that the Administrative Remedy Program is clearly inadequate to prevent irreparable injury.  As Petitioner claims that the BOP has been miscalculating his good conduct time for 17 years, he has had ample opportunity to exhaust administrative remedies before his release date became imminent.  Thus any claim of irreparable harm stems from Petitioner's own inaction.

Significantly, where Petitioner has not presented his challenge to the calculation of his good conduct time to the BOP, there is no administrative determination, final or otherwise, for this Court to review.  This Court sees no reason to excuse Petitioner's failure to exhaust his good conduct time claims before the BOP and will dismiss the Petition without prejudice for failure to exhaust administrative remedies. See Vasquez, 684 F.3d at 434 (affirming dismissal of § 2241 petition challenging BOP's conduct for failure to exhaust Administrative Remedy Program); Wilson v. Strada, 474 F. App'x 46, 48 (3d Cir. 2012) (same); Bradshaw, 682 F.2d 1050.

III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus without prejudice for failure to exhaust administrative remedies.

```
                              s/Noel L. Hillman
                              NOEL L. HILLMAN, U.S.D.J.
```

Dated:  August 15, 2016

At Camden, New Jersey